Roy Nichols, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 24016.   Promulgated September 26, 1929.

*J. M. McMillin, Esq.*, and *W. W. Rankin, C. P. A.*, for the petitioner.

*Bruce A. Low, Esq.*, for the respondent.

582

OPINION.

Love: The issues involved in this case are:

1. Deductibility of alleged losses in worthless interests in oil and gas royalty rights;

2. Deductibility of alleged worthless debts ascertained to be worthless and charged off in the taxable years.

With reference to the interests in oil and gas royalty rights, it may be pointed out that some of those claims, especially among the claims for 1922, are not clearly identified by the evidence. However, with reference to all of them, they were interests in royalty rights and not oil and gas leases.

Interests in royalty rights are interests running with the land, and unless specifically limited as to time or otherwise, are not forfeitable. They may become unsalable, dormant for a time as it were, but still remain an asset, an asset of questionable value it may be, but nevertheless an asset, that may become valuable any day, and hence may not be deemed such an ascertained loss as to be deductible in determining net profits for taxation purposes.

The action of the Commissioner with reference to his disallowance of those claims is approved.

With reference to the bad debt claims, it may be pointed out that in two of the cases the money loaned to the debtor was loaned in a generous effort on the part of the petitioner to help a person connected with him in business. The financial condition of such debtor was known by petitioner to be precarious at the time the loan was made, and so remained at all times thereafter. Moreover, no suit was filed to collect those claims. However, the money was loaned under a promise to repay. It was not a gift. A suit would have been futile, with an added outlay for expense. One of the debts, that of the El Dorado Chief Oil Co., while it involved a circuitous route to purchase an interest—stock—in a corporation, technically and in fact, it was the purchase of a note which is clearly shown to have become worthless in 1922.

We believe that the evidence establishes the worthlessness of all those debts in the year in which deductions were taken,. and we therefore hold that for the year 1922, petitioner is entitled to deduct from gross income the following amounts:

| | |
|---|---|
| Note and account of Robert Berney | $600 |
| Note of El Dorado Chief Oil Co | 2,200 |
| Note of C. C. Beasley | 400 |

Also, there was included by the Commissioner in his computation of petitioner's gross income, $2,175 as profits realized on sales. The evidence clearly establishes that of that amount $2,000 was not petitioner's income, but income of his brother. The $175 amount was not explained by the evidence. In the final computation the $2,000 will be adjusted.

*Judgment will be entered under Rule 50.*